IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | Case No. 25-20933-JAD |
| | ) | |
| APRIL LYNN ROCCIA and | ) | Chapter 7 |
| PATSY LOUIS ROCCIA, JR., | ) | |
| | ) | Related to ECF No. 23 & 27 |
| Debtors. | ) | |
| ─────────────────────────── X | | |
| | ) | |
| JILL CAPRA, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| -v- | ) | |
| | ) | |
| APRIL LYNN ROCCIA and | ) | |
| PATSY LOUIS ROCCIA, JR., | ) | |
| | ) | |
| Respondents. | ) | |
| ─────────────────────────── X | | |

## MEMORANDUM OPINION[1]

### I. INTRODUCTION

The Rules of Bankruptcy Procedure have deadlines. These deadlines may not always be welcome, but they are essential. They ensure fairness by treating like-parties alike, clarity by telling creditors when to act, and finality by allowing

---

[1] This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) and (J), as it concerns objections to discharge and the dischargeability of particular debts. This Court has constitutional authority to enter a final judgment in this matter because the allowance or disallowance of discharge and the dischargeability of debts are central to the bankruptcy process and stem directly from the Bankruptcy Code. See Stern v. Marshall, 564 U.S. 462, 499 (2011) (distinguishing "core" matters integral to the restructuring of debtor-creditor relations).

debtors the fresh start that Congress promised. Without them, bankruptcy would be endless.

This case illustrates the tension between those rules and the very real hardships creditors may face when they fail to meet them. Specifically, Jill Capra is a creditor of April Roccia and Patsy Roccia, Jr. (collectively, the "Debtors"). She has alleged that she suffers breach of contract and related damages as a result of the Debtors' alleged negligent installation of a swimming pool. See Letter from Jill Capra (the "Letter"), attached as Exhibit A to the *Order to Show Cause*, ECF No. 23. To Ms. Capra, the Debtors' discharge in this bankruptcy case is not just a legal formality; it means a significant loss and a genuine hardship to her to the tune of thousands of dollars.

The Court does not minimize the weight of the damages alleged to have been incurred by Ms. Capra. Yet the task of this Court is not to weigh the equities anew, but to apply the rules Congress has written and the Supreme Court has interpreted. Those rules set clear limits on when and how creditors may challenge a debtor's discharge.

Ms. Capra, a self-represented creditor, filed her Letter asking the Court to prevent the discharge of her claim against the Debtors. The problem is timing—her filing came two weeks after the deadline to object to the dischargeability of the debt allegedly due to her. The Debtors promptly invoked the timeliness defense. See *Debtors' Response to the Order to Show Cause Dated September 3, 2025*, ECF No. 27 (the "Response") at ¶ 14.

The Court has no doubt about Ms. Capra's sincerity. She believes she was wronged, and she acted in good faith. But the law here is clear; once the timeliness defense is raised promptly by the Debtors, the deadlines in Bankruptcy Rules 4004 and 4007 are firm. Kontrick v. Ryan, 540 U.S. 443, 456 & 459 (2004). These deadlines cannot be waived by sympathy, stretched by equity, or ignored by the Court. See In re Maher, 51 B.R. 848, 852 (Bankr. N.D. Iowa 1985) (citing cases) (almost universal agreement that Rule 4007(c) confers no discretion to grant an untimely motion to extend the time to object). Therefore, for the reasons set forth more fully below, Ms. Capra's request to have the debt due her be declared nondischargeable shall be denied.

## II.
## BACKGROUND

The record reflects that the meeting of creditors under section 341 of the Bankruptcy Code was first scheduled for June 16, 2025. See *Notice of Chapter 7 Bankruptcy Case—No Proof of Claim Deadline*, ECF No. 9 (the "Notice") at § 7. That made the deadline for filing complaints objecting to discharge or dischargeability August 15, 2025. See Fed. R. Bankr. P. 4004(a) & 4007(c).

The Clerk served the Notice on all creditors, including Ms. Capra. See *Notice Recipients*, ECF No. 9-1. The Notice also set forth the deadline to file complaints either objecting to the Debtors' discharge or to seek to have certain debts excepted from the discharge. See Notice at ¶ 9. No motion to extend was filed by any creditor before the deadline expired. Instead, Ms. Capra submitted her Letter two weeks late.

On September 3, 2025, and in response to Ms. Capra's Letter, the Court entered an *Order to Show Cause* (ECF No. 23). The Debtors responded, and a hearing was held on September 23, 2025. At the hearing, and in their written Response, the Debtors invoked the timeliness defense set forth in Bankruptcy Rules 4004 and 4007.

### III.
### THE RULES

The text is straightforward. Bankruptcy Rule 4007(c) provides that in chapter 7 cases, a complaint to determine the dischargeability of a particular debt "must be filed within 60 days after the first date set for the § 341(a) meeting of creditors." Bankruptcy Rule 4004(a)(1) sets the same deadline for objections to a chapter 7 discharge. Bankruptcy Rule 9006(b)(3) adds that a court may enlarge those periods "only as permitted by those rules[.]"[2]

The Supreme Court has made clear that the deadlines in Bankruptcy Rules 4004 and 4007 are not jurisdictional. Kontrick at 456. Still, they are mandatory claim-processing rules. Once invoked by a debtor, a court must enforce them. See id. The Supreme Court has elsewhere underscored that judges have no authority to craft equitable exceptions to clear statutory or rule-based deadlines. See, e.g., Bowles v. Russell, 551 U.S. 205, 214-15 (2007).

---

[2] Bankruptcy Rule 4004(b) permits an extension of time to file an objection to a debtor's discharge "for cause" if a motion seeking such relief is brought prior to expiration of the deadline to object to discharge. See Fed. R. Bankr. P. 4004(b)(1). Motions brought after the deadline to object may be filed only under certain limited circumstances not applicable in this matter. See Fed. R. Bankr. P. 4004(b)(2). An extension of time to object to the dischargeability of a particular debt must be filed "before the time expires" to file such an objection. See Fed. R. Bankr. P. 4007(c).

Our own Circuit has applied these principles with equal force. See Schwartz v. Weinberg (In re Weinberg), 197 F.App'x. 182, 185 (3d Cir. 2006) (nonprecedential) (Bankruptcy Rule 4007(c) is "unambiguous[ ]"). Likewise, bankruptcy courts in this Circuit have consistently enforced the deadline. See, e.g., Chicago Title Ins. Co. v. Mazik (In re Mazik), 592 B.R. 604, 611 (Bankr. E.D. Pa. 2018)(opinion by Frank, J.). In fact, this Court observed in In re Cook, that the claim-processing rules governing objections to discharge and dischargeability are generally unyielding; if a creditor does not timely act, or at least seek an extension before the deadline, the opportunity is lost. Lewis v. Cook (In re Cook), No. 09-25681-JAD, 2012 WL 1073239, at *3 (Bankr. W.D. Pa. Mar. 29, 2012).

Not to be lost in this discussion is the Supreme Court's opinion in Taylor v. Freeland & Kronz. 503 U.S. 638 (1992). There, the Supreme Court underscored that strict adherence to deadlines is essential, even when the result appears harsh. Id. at 644. The debtor claimed an exemption with no legal basis, but because the trustee failed to object within the thirty-day period of Bankruptcy Rule 4003(b), the exemption stood. Id. As the Supreme Court explained, "[d]eadlines may lead to unwelcome results, but they prompt parties to act and they produce finality." Id. That principle applies with equal force here—once the bar date for discharge and dischargeability complaints has passed, the Court is bound to enforce it, regardless of the merits of the creditor's claim.

## IV.
## ANALYSIS

The deadline for Ms. Capra to file a complaint seeking to have her debt excepted from discharge expired on August 15, 2025. Ms. Capra's filing came

over two weeks later on September 3, 2025. Because the Debtors invoked the bar, this Court has no discretion to excuse it.

A fair reading of her Letter is that Ms. Capra asks the Court to ignore her lateness because she could not find a lawyer and acted in good faith. That plea sounds in equitable tolling. But equitable tolling is an "extraordinary remedy." In re Mazik, 592 B.R. at 612 n.8. As Judge Frank explained, tolling may apply only when: (1) the debtor actively misled the creditor, (2) the creditor was prevented in some extraordinary way from asserting rights, or (3) the creditor timely filed in the wrong forum. Id.(citations omitted).

None of those apply here. The Debtors did nothing to mislead Ms. Capra. She was not prevented in some extraordinary way from advocating for herself before this Court. In fact, she knew of the deadlines and was able to write to the Court—she was just too late. Nor did she file in the wrong forum. Difficulty finding counsel, while understandable, does not amount to an "extraordinary" circumstance under the law. See, e.g. Sullivan v. Costa (In re Costa), 471 B.R. 768 (Bankr. D. Mass. 2012)(debtor was unable to secure new attorney until after time to file motions to extend Fed. R. Bankr. P. 4004(a) and 4007(c) deadline had expired).

Nor does the doctrine of excusable neglect provide any basis to overlook the missed deadline. Bankruptcy Rule 9006(b)(3)(A) expressly withholds from the Court the power to enlarge the periods set by Bankruptcy Rules 4004 and 4007 on grounds of excusable neglect. But even if it did apply, the outcome here would be the same.

In <u>Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership</u>, the Supreme Court explained that excusable neglect is:

> … at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include … the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

507 U.S. 380, 395 (1993)(footnotes and citation omitted).

Measured against those factors, the balance falls decidedly against Ms. Capra. The prejudice to the Debtors is clear. Bankruptcy promises debtors a fresh start and the ability to move forward free of past disputes. Permitting late-filed complaints would diminish that promise and leave debtors exposed to uncertainty long after the bar date.

The length of the delay in this instance (two weeks) may appear modest. Yet deadlines lose their force if courts treat them as merely aspirational. A firm line ceases to be firm once exceptions are freely allowed, and predictability in the system depends on honoring the line once it is drawn.

The reason for the delay is the most telling factor. Ms. Capra explains that she could not secure a lawyer before the deadline. The Court does not doubt the difficulty she describes, but the Bankruptcy Rules do not require a lawyer to file a complaint and many creditors proceed *pro se*. Indeed, Ms. Capra demonstrated that she knows how to file a letter with the Court; she simply did so two weeks too late. Nothing prevented her from taking that same step before the deadline expired. The delay was therefore within her reasonable control, and under <u>Pioneer</u> that fact weighs heavily against relief.

As to good faith, the Court accepts that Ms. Capra acted earnestly and with clean hands. But good faith alone cannot overcome the absence of a compelling excuse. When weighed against the other factors, it is insufficient to tilt the balance in her favor.

In sum, even if excusable neglect applied in this context — which it does not — Ms. Capra has not shown circumstances that justify relief.

In rendering this decision, this Court has taken care to evaluate Ms. Capra's filings with the leniency afforded to those who appear without counsel. A *pro se* pleading, "'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Estelle v. Gamble, 429 U.S. 97, 106 (1976)(quoting Haines v. Kerner, 404 U.S. 519, 520-521 (1972)(citation omitted)). Courts therefore construe such filings to raise the strongest arguments they suggest. Caro v. Weintraub, 618 F.3d 94, 97 (2d Cir. 2010). "Implicit in the right [of] self-representation is an obligation on . . . court[s] to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights[.]" Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983).

The Court has thus treated Ms. Capra's Letter as the equivalent of a formal complaint and considered it in the most generous light. Still, leniency has its limits. The Supreme Court has cautioned that judges have "no obligation to act as counsel or paralegal to pro se litigants." Pliler v. Ford, 542 U.S. 225, 231 (2004). Likewise, the Third Circuit has made it clear that courts cannot provide legal advice or extend statutes of limitation for self-represented parties. Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244-46 (3d Cir. 2013)(noting that "[a]t

the end of the day, [pro se litigants] cannot flout procedural rules—they must abide by the same rules that apply to all other litigants"); In re Wright, 223 B.R. 886, 893 (Bankr. E.D. Pa. 1998)("Although the pleadings of *pro se* litigants are construed liberally, there is no lower standard when it comes to rules of evidence and procedure." Powers v. Runyon, 974 F. Supp. 693, 696 (S.D. Ind. 1997)). Even under this liberal construction, Ms. Capra's filing remains untimely and does not state a claim within the narrow exceptions to discharge Congress has recognized.

Moreover, the outcome would be the same even if the letter were timely. Ms. Capra alleges that the Debtors performed work poorly, essentially a breach of contract or negligence claim.

The Bankruptcy Code does not except such debts from discharge. Section 523(a) provides exceptions only for certain debts, such as debts arising from fraud (§ 523(a)(2)), fiduciary misconduct (§ 523(a)(4)), and willful and malicious injury (§ 523(a)(6)). Negligence or shoddy workmanship does not suffice. As the Supreme Court put it, "debts arising from recklessly or negligently inflicted injuries do not fall within the compass of § 523(a)(6)." Kawaauhau v. Geiger, 523 U.S. 57, 64 (1998).

Because Ms. Capra does not allege fraud, fiduciary misconduct, or deliberate injury, her claim would fail even if timely.

## V.
## CONCLUSION

The Court respects Ms. Capra's efforts and recognizes the difficulty of navigating bankruptcy without a lawyer, but the deadlines under Bankruptcy Rules

-9-

4004 and 4007 are firm once invoked. Equitable tolling does not apply under the facts of this case. Excusable neglect, even if available, also is not met. Difficulty finding counsel is also not a legally sufficient reason to excuse noncompliance. Further, prior precedent, such as the opinions in In re Mazik and In re Cook discussed above, confirm that the nondischargeability deadlines must be enforced strictly, and that a generic plea to equity cannot extend them after the fact.

Finally, even if timely, it appears that Ms. Capra's allegations of breach of contract and poor workmanship do not fall within any of the narrow exceptions to discharge Congress provided in section 523(a) of the Bankruptcy Code. Accordingly, the Debtors' objection is sustained, and relief requested by Ms. Capra's Letter request will be denied.

An appropriate order will issue.

Date: September 30, 2025

The Honorable Jeffery A. Deller
United States Bankruptcy Judge

FILED
9/30/25 12:23 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

Case Administrator to mail to:

Ms. Jill Capra
David Z. Valencik, Esq.
Daniel R. White, Esq.
April Lynn Roccia
Patsy Louis Roccia, Jr.
Rosemary Crawford, Chapter 7 Trustee
The Office of the United States Trustee